UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3120-BO

| | |
|---|---|
| JONATHAN CREDLE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT C. LEWIS, et al., )<br>    Defendants. ) | O R D E R |

Jonathan Credle, an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. The matter is properly before the court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). A claim having no arguable basis in law or in fact may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989). Plaintiff names 13 defendants. He has also filed a motion for appointment of counsel (D.E. # 4), a motion for preliminary injunction (D.E. # 7), and motion for entry of default (D.E. # 6).

To begin, plaintiff names Alvin Keller, Robert C. Lewis, and George Kensorthy as three of the 13 defendants. These individuals are dismissed from the suit. Plaintiff makes generalized conclusory allegations regarding the failure of these three supervisors to take corrective action when notified of their alleged subordinates' misconduct. Liability under Section 1983 must be based on more than merely the right to control employees. Polk Co. v. Dodson, 454 U.S. 312, 325-26 (1981); Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). Section 1983 liability cannot be premised on mere allegations of respondeat superior. Monell, 436 U.S. at 691; Polk, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. See e.g. Leach v. Shelby Co.

Sheriff, 891 F.2d 1241, 1246 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990); Hays v. Jefferson, 668 F.2d 869, 874 (6th Cir.), cert. denied, 459 U.S. 833 (1982). See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied 469 U.S. 845(1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. See e.g. Leach, 891 F.2d at 1246; Hayes v. Vessey, 777 F.2d 1149, 1154 (6th Cir.1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. Leach, 891 F.2d at 1246. At a minimum, the official must have knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. See e.g. Gibson v. Foltz, 963 F.2d 851, 854 (6th Cir.1992). Additionally, plaintiff must show that defendant had some duty or authority to act. See e.g. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989) (lower level official not liable for shortcomings of building); Ghandi v. Police Dept. of City of Detroit, 747 F.2d 338, 351 (6th Cir.1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act). Merely bringing a problem to the attention of a supervisory official is not sufficient to impose liability. See Shelly v. Johnson, 684 F.Supp. 941, 946 (W.D.Mich.1987) (Hillman, C.J.), aff'd 849 F.2d 228 (6th Cir.1988). Likewise supervisory liability claims cannot be based on simple negligence. Leach, 891 F.2d at 1246; Weaver v. Toombs, 756 F.Supp. 335, 337 (W.D.Mich.1989), aff'd 915 F.2d 1574 (6th Cir.1990).

Plaintiff has not alleged facts establishing that defendants Director of Prison Robert C. Lewis, the Secretary of Correction Alvin W. Keller, Jr., and Superintendent George Kenworthy were personally involved in the activity which forms the basis of his claims. The only roles that some of the defendants have in this action involve some general allegation of knowledge of the denial of the administrative grievances. These defendants cannot be liable for such conduct under § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999), cert. denied, 530 U.S. 1264 (2000). Accordingly, the court concludes that plaintiff's claims against defendants Lewis, Keller, and Kenworthy are properly dismissed for lack of personal involvement.

Next, Jon David, the District Attorney for Columbus County North Carolina, is not a properly named party. Prosecutors are absolutely immune when carrying out prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993). Plaintiff argues Jon David has yet to respond to him regarding "pressing charges." Plaintiff's allegations against Jon David arise out of prosecutorial duties, for which a prosecutor has immunity. See Imbler, 424 U.S. at 431 (holding that a state prosecutor has absolute immunity for initiating a prosecution and presenting the State's case); see also Ostrzenski v. Seigel, 177 F.3d 245, 250 (4th Cir. 1999). Plaintiff is seeking solely monetary relief for the alleged allegations. Therefore, plaintiff's claim against defendant David are barred by the doctrine of prosecutorial immunity.

Credle is also before the court with a pending motion for appointment of counsel (D.E. # 4). The motion for the appointment of counsel is denied. There is no constitutional right to counsel in civil cases. Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent an indigent litigant. However, under the statute, a court cannot

force an attorney to accept an appointment. Court intervention to procure representation is typically reserved for cases presenting "exceptional circumstances," determined by examining the claims and the litigant's abilities. Presently, this court finds that no exception circumstances exist.

Plaintiff has filed a motion for a preliminary injunction (D.E. # 7). The motion for preliminary injunction or temporary restraining order ("TRO") is denied. A court may grant a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); see N.C. State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–95 (4th Cir. 1977).

A TRO and preliminary injunction are "warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Plaintiff has failed to meet his burden of proof. Therefore, plaintiff's motion for a TRO and a preliminary injunction (D.E. # 7) is denied.

Accordingly, the claims are ALLOWED to proceed against named defendants with the exception of defendants Lewis, Keller, Kenworthy, and David. Plaintiff's motion for

appointment of counsel (D.E. # 4) and motion for a TRO and a preliminary injunction (D.E. # 7) are DENIED. Furthermore, the motion for entry of default is DENIED (D.E. # 6) because defendants have not been served with the complaint and thus they have not "failed to plead or otherwise defend" as required by Federal Rules of Civil Procedure, Rule 55. Accordingly, the Clerk is DIRECTED to maintain management of the case as it now presents itself.

SO ORDERED, this the 12 day of December 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE